[Cite as *State v. Johnson*, 2020-Ohio-4086.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 28505 & 28506 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-4250 |
| | : | 2019-CR-2358 |
| MARQUAN K. JOHNSON | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of August, 2020.

. . . . . . . . . . .

MATHIAS H. HECK JR. by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Marquan K. Johnson appeals from separate judgment entries imposing a 36-month prison sentence following his guilty plea to one count of aggravated drug possession and a consecutive nine-month prison term for violating the conditions of his community control.

{¶ 2} In his sole assignment of error, Johnson contends the trial court failed to allow him to make a statement before imposing sentence. He claims this error caused the trial court to rely on incorrect information, which he could have corrected if he had been allowed to speak.

{¶ 3} The record reflects that Johnson pled guilty to aggravated drug possession in Montgomery C.P. No. 2019-CR-2358. As a result of that conviction, his community control was revoked in Montgomery C.P. No. 2019-CR-4250, which also involved aggravated drug possession. Johnson appeared before the trial court for sentencing in both cases on August 15, 2019. The trial court began the hearing by reciting Johnson's extensive criminal record, which included multiple prior prison terms and community control revocations. (Sentencing Tr. at 3-6.) At one point during the trial court's recitation, Johnson interrupted and stated that "some of those things are not true." (*Id.* at 4.) In particular, he claimed that he had completed a "STOP" program. He also repeated that "some of those accusations" cited by the trial court were "not all the way" accurate. (*Id.*) Following this brief interruption by Johnson, the trial court proceeded to orally impose the sentences set forth above. (*Id.* at 6.) After the trial court explained Johnson's appellate rights, Johnson sua sponte addressed the trial court at length, explaining why he believed the trial court's analysis was incorrect and why he did not deserve the sentence the trial

court chose. (*Id.* at 9-11.) In response, the trial court acknowledged that it should have asked whether Johnson "had anything to say" before pronouncing sentence. (*Id.* at 11.) The trial court then proceeded to allow defense counsel to make a statement on Johnson's behalf. (*Id.* at 11-12.) Following that statement, the trial court asked Johnson whether he had anything else he would like to say. (*Id.* at 13.) Johnson responded by making another statement explaining why he believed he deserved leniency. (*Id.* at 13-14.) At one point, the trial court interjected, noting that the current offense was his ninth felony conviction. (*Id.* at 14.) Johnson apologized and again explained in detail why he believed leniency was warranted. (*Id.* at 15-17.) After Johnson finished, the trial court told him that it would consider judicial release at the appropriate time and granted him jail time credit. The hearing then ended. (*Id.* at 17-18.) The following day, the trial court filed judgment entries in both cases journalizing the sentences it orally had imposed during the hearing.

{¶ 4} The primary issue on appeal is whether under Crim.R. 32(A)(1)[1] the failure to allow Johnson to speak in mitigation *before* imposing sentence constitutes reversible error when the right to allocution is allowed, and a defendant's statement in mitigation of sentence is made, before completion of the sentencing hearing or entry of judgment.

{¶ 5} In support of his argument that such a procedure is reversible error, Johnson cites three cases for the proposition that allowing a defendant to make a statement in mitigation *after* a sentence is pronounced does not render a violation of Crim.R. 32(A)(1) harmless. In the first case, *State v. Mikolaj*, 7th Dist. Mahoning No. 05-MA-157, 2007-

---

[1] Under Crim.R. 32(A)(1), a trial court is obligated "at the time of imposing sentence" to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

Ohio-1563, the trial court found the defendant guilty at a bench trial and proceeded immediately to sentencing. At the conclusion of trial, the judge asked whether respective counsel had anything to say. It then "ruled on a couple of evidentiary issues, rendered its verdict, and imposed a sentence." *Id.* at ¶ 33. When defense counsel indicated that the defendant intended to appeal, the defendant "interrupted counsel to argue that he should not have been found guilty." We see nothing in *Mikolaj* about the defendant giving a statement in mitigation of sentence after the pronouncement of his sentence.

{¶ 6} In the second case, *State v. Leeth*, 4th Dist. Pike No. 05CA745, 2006-Ohio-3575, the trial court found the defendant guilty and immediately pronounced sentence without first asking him whether he had anything to say in mitigation. Although the defendant spoke after the pronouncement of sentence, he only addressed the propriety of a proposed "stay-away" order. *Id.* at ¶ 2-3. Again, nothing in *Leeth* indicates that the defendant made a statement in mitigation of sentence after the trial court orally pronounced it.

{¶ 7} In the third case, *State v. Jones*, 6th Dist. Sandusky No. S-16-040, 2018-Ohio-2033, "the trial court did not address appellant until after the sentence was pronounced." *Id.* at ¶ 9. Even then, "appellant did not speak in mitigation of punishment." *Id.* Thus, none of the cases cited by Johnson hold that a Crim.R. 32(A)(1) violation is not harmless where a defendant speaks in mitigation after the pronouncement of sentence.

{¶ 8} In another case, *State v. Brown*, 9th Dist. Summit No. 25287, 2011-Ohio-1041, the Ninth District was confronted with facts similar to those before us. In *Brown*, the trial court orally imposed the defendant's sentence without first allowing him to speak in mitigation. *Id.* at ¶ 45. After the omission was brought to the trial court's attention, the

judge acknowledged her mistake and allowed the defendant to speak. The defendant proceeded to address the court and request leniency. As in Johnson's case, the trial court listened to the entire statement and briefly addressed the defendant personally about it. Eleven days later, the trial court filed a judgment entry imposing the same sentence it had pronounced orally. *Id.*

{¶ 9} On the foregoing facts, the Ninth District appears to have found no violation of Crim.R. 32(A)(1) at all. It reasoned:

> The trial judge acknowledged that she should have allowed Brown to speak before she set forth the terms of his sentence. Brown argues that the court's failure to do so constitutes a violation of Crim.R. 32(A)(1) and necessitates a reversal for resentencing. We do not agree. Brown's counsel spoke on his behalf before the court took any action with regard to his sentence, and the trial court listened to everything Brown had to say once his counsel pointed out that the court had not provided Brown an opportunity to speak. Moreover, although the court set forth the terms of Brown's sentence in open court, it did not journalize Brown's sentence until much later. * * * The record does not support the conclusion that Brown was denied his right of allocution. * * *

*Id.* at ¶ 46.

{¶ 10} We need not go as far as the Ninth District did in *Brown* to affirm the trial court's judgment here. Even if we accept that the trial court violated Johnson's right of allocution by orally pronouncing his sentence without first giving him an opportunity to speak in mitigation, we hold that the error was harmless. When the omission was brought

to the trial court's attention, it gave Johnson ample opportunity to say whatever he wanted. Johnson took advantage of the opportunity and spoke at length in mitigation of his sentence. The record reflects that the trial court listened to Johnson and considered what he said, as evidenced by its interaction with him. Under these circumstances, we conclude that the trial court's failure to allow Johnson to speak before orally pronouncing his sentence constituted at worst harmless error.

{¶ 11} In reaching our conclusion, we note that the Ohio Supreme Court found harmless error in *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, a death-penalty case, in what appears to be more egregious circumstances. In *Fry*, the trial court actually filed its judgment entry imposing the defendant's sentence shortly before allowing him to speak in mitigation at a hearing. In finding harmless error, the Ohio Supreme Court noted that the defendant was given an opportunity to make a statement after the sentencing entry was filed and that he did so. The *Fry* court reasoned that the trial court could have modified its sentencing entry, if it so desired, after listening to the defendant's statement. Under these circumstances, the Ohio Supreme Court reasoned: "While it is true that the court violated Crim.R. 32(A) by filing the sentencing entry pursuant to R.C. 2929.03(F) before the sentencing hearing, * * * under the facts of this case, we hold the premature filing to be harmless error." *Id.* at ¶ 193. Therefore, the Ohio Supreme Court rejected the appellant's assignment of error that he had been prejudiced by a violation of his right of allocution. *Id.* at ¶ 186-193. If allowing the defendant in *Fry* to speak in mitigation after the filing of his sentencing entry constituted harmless error, we have no difficulty finding harmless error here, where the trial court pronounced its sentence orally before allowing Johnson to speak in mitigation.

**{¶ 12}** Finally, we reject Johnson's argument insofar as he suggests that his sentence is the product of inaccurate information. His only specific claim is that the trial court erroneously opined that he had failed to complete a "STOP" program.

**{¶ 13}** In its remarks before pronouncing sentence, the trial court did reference Johnson's failure to complete "the STOP program" following an August 2015 conviction for violating a protection order. (Sentencing Tr. at 4). Even though he had not yet been given his right of allocution, Johnson spoke up and corrected the trial court, explaining that he had completed the program, which appears to be true. (*Id.* at 4; *see also* PSI Report at 5-6.) The court responded, "Okay." (*Id.*) In light of this response, the record fails to establish that the trial court imposed sentence based on a mistaken belief about the STOP program, which it did not mention again. In any event, we are unpersuaded that the trial court's sentencing decision turned on its consideration of the STOP program, which it referenced once in passing, as opposed to Johnson's lengthy criminal record and the numerous other factors the trial court cited.

**{¶ 14}** Based on the reasoning set forth above, we overrule Johnson's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Charles M. Blue
Hon. Mary E. Montgomery